IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DR. GUTTI RAO,<br><br>      *Plaintiff,*<br><br>v.<br><br>SLEEP NUMBER BED, INC. *and*<br>SYNCHRONY BANK,<br><br>      *Defendants.* | Civil Action No. 2:23-cv-2150<br><br>Hon. William S. Stickman IV |

## MEMORANDUM OPINION

Defendants Sleep Number Bed, Inc. ("Sleep Number") and Synchrony Bank ("Synchrony") (collectively "Defendants") move to dismiss Plaintiff Dr. Gutti Rao's ("Rao") amended complaint ("Amended Complaint"). (ECF Nos. 28 and 30). The Amended Complaint, filed on March 26, 2024, followed Plaintiff's complaint against Defendants filed on December 21, 2023. Rao first asserted claims against Sleep Number and Synchrony in a complaint filed on February 21, 2023, which was voluntarily dismissed. (2:23-cv-00263-NBF-LPL, ECF No. 23). Defendants move to dismiss Rao's six-count Amended Complaint in its entirety, or alternatively, Defendants move for Rao to make a more definite statement. For the following reasons, the Court will grant Defendants' motions to dismiss.

### I.  FACTUAL BACKGROUND

This suit arises out of a transaction between Rao and Sleep Number for the purchase of a bed. Rao contacted Sleep Number to purchase a bed on December 27, 2021. (ECF No. 19, ¶ 15). During the transaction, Rao was advised that he could utilize the bed on a trial basis for 90 days. (*Id.* at ¶ 17). The bed was delivered seven weeks after its order date, and it had defective

locking and oscillation capabilities. (*Id*. at ¶¶ 19, 22). At Rao's home, a service technician attempted to remedy the defects, but was unable to do so. (*Id*. at ¶¶ 21-22). The technician reported back to Sleep Number that the bed was defective. (*Id*.). As a result, Rao took steps to return the defective bed prior to the 90-day warranty expiration. (*Id*. at ¶ 23). Rao alleges that Synchrony and Sleep Number, through a Synchrony Bank Credit Card Statement, issued notifications for payment and charged late fees for the bed despite him never executing an agreement nor authorizing an account or the opening of a credit card with Synchrony. (*Id*. at ¶¶ 25, 28). Rao further alleges that Synchrony and Sleep Number continually harassed and demanded payment for the defective bed, and that they falsely reported a default to credit agencies along with unverified statements of record. (*Id*. at ¶ 29, 35).

In the Amended Complaint, Rao asserts six claims against Sleep Number and Synchrony. Rao asserts one claim against Sleep Number individually: Count V, Violation of Pennsylvania Unfair Trade Practices Act ("UTPCPL"). (ECF No. 19, pp. 21-23). Rao asserts two claims against Synchrony individually: Count I - Violations of the Fair Credit Reporting Act ("FCRA") to Furnisher (*Id*. at 9-15); and Count II - Violation of Fair Debt Collection Practices Act ("FDCPA"), Communicates False Credit Information to the Credit Bureaus. (*Id*. at 15-16). Rao asserts three claims against Sleep Number and Synchrony collectively: Count III - Credit Slander (*Id*. at 16-19); Count IV - Fraud (*Id*. at 19-21); and Count VI - Conspiracy. (*Id*. at 24-25).

Sleep Number moves to dismiss Rao's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) (ECF No. 30), or in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e). (ECF No. 31). Synchrony also moved to dismiss Rao's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (ECF No. 28), and in the alternative, moved for a more definite statement pursuant to Fed. R. Civ. P. 12(e). (ECF No. 27).

## II. STANDARD OF REVIEW

A motion to dismiss filed under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A plaintiff must allege sufficient facts that, if accepted as true, state a claim for relief plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded factual allegations as true and view them in the light most favorable to a plaintiff. *See Doe v. Princeton Univ.*, 30 F.4th 335, 340 (3d Cir. 2022); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Although a court must accept the allegations in the complaint as true, it is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citations omitted).

The "plausibility" standard required for a complaint to survive a motion to dismiss is not akin to a "probability" requirement but asks for more than sheer "possibility." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, the complaint's factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true even if doubtful in fact. *Twombly*, 550 U.S. at 555. Facial plausibility is present when a plaintiff pleads factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Even if the complaint's well-pleaded facts lead to a plausible inference, that inference alone will not entitle a plaintiff to relief. *Id.* at 682. The complaint must support the inference with facts to plausibly justify that inferential leap. *Id.*

### III. ANALYSIS

**A. Count V will be dismissed.**

Count V of Rao's Amended Complaint alleges that Sleep Number violated a number of provisions of the UTPCPL, including 73 P.S. § 201-2(4)(ii), (v), (vi), (vii), (ix), (xi), and (xii). (ECF No. 19, ¶ 100). Section 201-2(4)(xxi), referred to as the "catch-all provision," makes it unlawful to engage in "any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. § 201-2(4)(xii). The UTPCPL requires a plaintiff to show that the defendant's misrepresentation caused him to suffer some loss of money or property, an "ascertainable loss." *Grear v. U.S. Bank*, No. 1:21-cv-237-SPB, 2022 WL 4450400, at *10 (Sept. 23, 2022). A plaintiff must also demonstrate that he justifiably relied on the deceptive acts. *Weinberg v. Sun Co.*, 777 A.2d 442, 446 (Pa. 2001); *see also Sexton v. PNC Bank*, 792 A.2d 602, 607 (Pa. Super. 2002) ("the Court has interpreted this language to mean that a plaintiff must establish his specific reliance on some conduct or representation by the defendant that caused him to incur the loss in question."). The United States Court of Appeals for the Third Circuit has interpreted this justifiable reliance rule to apply to all UTPCPL subsections. *Hunt v. U.S. Tobacco*, 538 F.3d 217, 224 (3d. Cir. 2008).

Rao argues that Sleep Number's unfair and deceptive practices included the following: conspiring with Synchrony to fraudulently trick senior citizens and others into applying for a credit card, never advising that a Synchrony Bank credit card with Sleep Number and Synchrony's names would be part of the process for purchasing a bed, refusing to assist Rao in the return of the bed although they knew of its defective condition, making false statements concerning the warranty period to obtain approval for the bed fraudulently, making patently false statements concerning the quality of the bed and engaging in deceptive conduct concerning the

4

warranty period to cause confusion, and obtaining benefits from credit card applications without advising Rao that such an application was part of the process. (ECF No. 19, ¶ 98).

Additionally, Rao argues that the above conduct created a likelihood of confusion or misunderstanding per *Palek v. State Farm Fire & Casualty Co.*, 535 F. Supp. 3d 382, 391 (W.D. Pa. 2021) because he believed the transaction he entered into was markedly different than that which Sleep Number actually commenced. He contends that Sleep Number's actions demonstrate deceptive acts that were likely to deceive a consumer like him acting reasonably under the circumstances per *Cessna V. REA Energy Cooperative Inc.* 258 F. Supp. 3d 566, 582 (W.D. Pa. 2017). As to justifiable reliance, per *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425 (Pa. 2004), Rao alleges that he reasonably relied on Sleep Number's representation of the 90-day trial period when he purchased the bed, leading to Sleep Number unknowingly signing him up for a credit card and subsequently charging him even after returning the defective bed.

Pointedly, Rao did not allege that he made any effort to discern the scope of the trial period for the bed, including whether a deposit or applying for financing was a prerequisite for taking advantage of the trial period. He failed to cite to any written representations of Sleep Number that he was personally deceived and influenced by, which a UTPCPL cause of action must properly include. *Cessna*, 258 F. Supp. 3d at 582. Further, Rao did not cite or attempt to rely on the numerous representations that would have been made in discussions had or documentation received during the process for purchasing/trying out the bed. *Yocca*, 854 A.2d at 439. Rao has not sufficiently pled justifiable reliance because he neither alleges he only bought a bed due to the representation of the 90-day trial period nor that he would not have purchased the bed but-for this alleged misrepresentation of the trial period.

As to the element of ascertainable loss, which the UTPCPL requires, the plaintiff's damages "must be identifiable and cannot be speculative." *Grear v. U.S. Bank,* No. 1:21-cv-237-SPB, 2022 WL 4450400, at *10 (Sept. 23, 2022) (quoting *Opris v. Sincera Reprod. Med.*, No. CV 21-3072, 2022 WL 1639417, at *13 (E.D. Pa. May 24, 2022)). Rao argued, per *Boehm v. Riversource Life Ins. Co.,* 117 A.3d 308, 329 (Pa. Super. 2015), that "the UTPCPL does not provide a formula for calculation of 'actual damages,'" and that, as a result, the damages he claims are sufficient to meet the ascertainable loss threshold. The damages requested in Count V of the Amended Complaint are as follows: exemplary, compensatory, actual and punitive damages. (ECF No. 19, p. 23). In Rao's response to Sleep Number's motion, he further alleges as damages denial of credit following the fraudulent transaction and damage to personal property because the bed he received was defective and he was forced to replace it. (ECF No. 36, pp. 6-7). However, Sleep Number highlights that a fellow district judge in this district determined that the plaintiffs did not plead ascertainable loss within the UTPCPL because they made no attempt to quantify their loss. *Grear v. U.S. Bank,* No. 1:21-cv-237-SPB, 2022 WL 4450400, at *10 (Sept. 23, 2022).

The Court will dismiss Count V of Rao's Amended Complaint with prejudice because he has not sufficiently pled that specific misrepresentations on Sleep Number's part induced him to purchase the bed.[1] Rao only alleged following the transaction that he relied upon the assertion of the 90-day warranty period in which he could return the bed if he was dissatisfied with the product. He did not allege any details concerning this warranty period. He did not allege that he made an effort to ascertain the scope of any details, which would have been required for him to successfully plead justifiable reliance. Further, all damages Rao alleged in the Amended

---

[1] Because the Court will dismiss Count V of the Amended Complaint, Sleep Number's Rule 12(b)(1) motion will be denied as moot.

Complaint were unquantifiable. Even if the Court were to consider the "damage to personal property" in Rao's response, it is still an unquantifiable amount, and Rao is unable to amend the damages alleged in his Amended Complaint through a reply brief. *Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988); *see also Hughes v. United Parcel Serv., Inc.*, 639 F.App'x 99, 104 (3d Cir. 2016) (stating "it is one thing to set forth theories in a brief; it is quite another to make proper allegations in a complaint.").

**B. Counts I and II will be dismissed.**

   a. <u>Count I</u>

Count I of Rao's Amended Complaint alleges that Synchrony violated the FCRA, 15 U.S.C. § 1681. (ECF No. 19, pp. 9-15). In short, Rao alleges that Synchrony failed to provide accurate information as a "furnisher" pursuant to the FCRA, failed to conduct and complete an investigation within thirty days of the dispute, failed to review all information relative to the consumer reporting agency involved, and continued to report Rao's account as delinquent on his credit report. (*Id.* at ¶¶ 44, 45, 51, 55).

To state a plausible claim under the FCRA against a furnisher of credit information, as opposed to the credit reporting agency itself, a plaintiff must allege that he filed a notice of dispute with a consumer reporting agency, the consumer reporting agency notified the furnisher of information of the dispute, and the furnisher of information failed to investigate and modify the inaccurate information. *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, Civ. A. No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016); *see also Whaley v. Wells Fargo*, No. 22-CV-4324, 2023 WL 137454, at *4-5 (E.D. Pa. Jan. 9, 2023). The Third Circuit has held that a defendant's duty to investigate is not triggered until a furnisher of information

7

receives notice from the credit reporting agency of the consumer's dispute. *Wyche v. Synchrony Bank*, No. 2:21-cv-11589, 2022 WL 17340725, at *2 (D.N.J Nov. 30, 2022).

The Court finds that Rao failed to allege that a consumer reporting agency ever notified Synchrony, the alleged furnisher of information, of the dispute via any pleading or attached exhibit. Rao claims that he properly alleged that Synchrony received notice of the dispute from a consumer reporting agency. (ECF No. 19, ¶¶ 47, 51). Rao alleged in his Amended Complaint that Synchrony received notice of the dispute "from a consumer reporting agency." (*Id.* at ¶ 51). However, Rao did not plead or attach an exhibit showing if/when they were actually notified that Rao filed the disputes with Equifax and Experian. Rao's Exhibit E instead offers proof that Synchrony furnished information to a credit reporting agency: "if you choose to dispute this debt or information we (Synchrony) have furnished to a credit-reporting agency, we request that you send your dispute, in writing, to the address provided at the top of this letter." (ECF No. 19-5). Rao's Exhibit B clearly identifies Synchrony as the "data furnisher." The Court holds that Synchrony's duty to investigate was never triggered. Rao provided no specific factual allegations or proof to support the allegation that Synchrony received notice of the dispute.

Rao is unable to satisfy the second and third elements required for a plausible claim within the FCRA. The Court will dismiss Count I with prejudice.

    b. Count II

Count II of Rao's Amended Complaint alleged that Synchrony violated the FDCPA, 15 U.S.C. § 1692e(8), and is entitled to damages pursuant to § 1692k. (ECF No. 19, pp. 15-16). Rao alleged that Synchrony's violations included communicating credit information which is known or should be known to be false, including the failure to communicate that a disputed debt

is disputed, as well as publishing false information about Rao which resulted in denial of credit. (*Id.* at ¶ 70).

To prevail on an FDCPA claim, a plaintiff must prove that: 1) he is a consumer, 2) the defendant is a debt collector, 3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and 4) the defendant has violated a provision of the FDCPA in attempting to collect the debt. *Berry v. ARS National Services, Inc.* No. CV 15-1529, 2015 WL 9315993 (E.D. Pa. Dec. 23, 2015) (citing *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014)). Synchrony argues that applicable FDCPA sections only apply to "debt collectors," and that they are the debt originator, not the "debt collector."

Based upon the statutory definition within § 1692a(6), the Court finds that Synchrony is not a debt collector. Rao specifically stated in the Amended Complaint that Synchrony is a creditor "issuing credit" on Rao's behalf without authorization. (ECF No. 19, ¶ 32). Creditors who collect in their own name and whose principal business is not debt collection are not subject to the FDCPA. *Aubert v. American General Finance, Inc.*, 137 F.3d 976, 978 (7th Cir 1998). This is consistent with the Act's stated purpose of "eliminating abusive debt collection practices by debt collectors." *Id.* (citing § 1692e). Synchrony further points out that they are not in the business of collecting debts on behalf of Sleep Number or any other entity, and that Rao did not allege that Synchrony was collecting debts on Sleep Number's behalf in Count II of the Amended Complaint.

The Court will dismiss Count II with prejudice.

### C. The common law claims (Counts III, IV, and VI) will be dismissed.

For the following reasons, the Court holds that Rao's common law claims for credit slander, fraud, and conspiracy fail to state a cognizable claim. These claims will be dismissed with prejudice.

The Court would preliminarily note that Rao's common law causes of action are seemingly preempted by the FCRA. Section 1681t(b)(1)(F) of the FCRA states that "[no] requirement or prohibition may be imposed under the laws of any State…with respect to any subject matter regulated under…Section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F). Although not yet addressed by the Third Circuit, several other circuit courts have held that § 1681t(b)(1)(F) preempts all state and common law claims against furnishers of information with respect to all subject matter regulated under § 1681s-2. *Havassy v. Mercedes-Benz Financial Services USA, LLC*, 432 F. Supp. 3d 543, 547 (E.D. Pa. 2020) (citing *Purcell v. Bank of Am.*, 659 F.3d 622, 625-26 (7th Cir. 2011) (finding the defamation claim preempted by § 1681t(b)(1)(F))); *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 47-48 (2d Cir. 2011) (same); *Marshall v. Swift River Academy, LLC*, 327 F. App'x 13, 15 (9th Cir. 2009) (same); *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 751 (10th Cir. 2009) (finding state libel and false light invasion of privacy claims to be preempted by § 1681t(b)(1)(F)). "Multiple district courts within the Third Circuit have likewise adopted this conclusion and found that Section 1681t(b)(1)(F) preempts both state statutory and common law claims against furnishers of information acting under § 1681s-2." *Havassy*, 432 F. Supp. 3d at 546 (citing *Lalonde v. Bank of Am., N.A.*, No. 16-1586, 2016 WL 7734690, at *2 (W.D. Pa. Dec. 15, 2016), report and recommendation adopted by 2017 WL 104965 (W.D. Pa. Jan. 11, 2017); *Story v. Citizens Bank*,

No. CV 17-29, 2017 WL 3173034 (W.D. Pa. June 28, 2017), report and recommendation adopted by 2017 WL 3158029 (W.D. Pa. July 25, 2017); *Becker v. Verizon Pennsylvania, Inc.*, No. 3:16-CV-170, 2017 WL 2418312 (W.D. Pa. June 2, 2017); *Prukala v. TD Bank USA*, No. 16-0894, 2016 WL 6191912, at *3 (M.D. Pa. Oct. 24, 2016); *Cicala v. Trans Union, LLC*, Nos. 15-6790, 15-6801, 2016 WL 2622377, at *4 (E.D. Pa. May 9, 2016); *Vullings v. Trans Union, LLC*, 115 F. Supp. 3d 538, 543 (E.D. Pa. 2015). The Court concurs with these courts.

Importantly, the FCRA provides the relief that Rao seeks for his common law claims. *See Reilly v. Vivint Solar*, 2021 WL 261084, at *9 (D.N.J. 2021) (citing 15 U.S.C. § 1681o(a); 15 U.S.C. § 1681n(a)) (other citations omitted) (explaining that a plaintiff may recover actual damages for negligent violations of the FCRA, including emotional distress, and she may recover actual, punitive, or statutory damages for willful violations of the FCRA); *see also Cortez v. Trans Union, LLC*, 617 F.3d 688, 719-20 (3d Cir. 2010) (explaining that the fact that a plaintiff's injuries relate to the stress and anxiety caused by a defendant's conduct "is precisely the kind of injury that Congress must have known would result from violations of the FCRA"). Consequently, the Court holds that Counts III, IV, and VI are preempted by the FCRA.

    a. <u>Count III (Credit Slander)</u>

Assuming *arguendo* that Count III was not preempted, it is barred by the statute of limitations. The statute of limitations for defamation claims begins to run from the date of publication. *Greiser v. Drinkard*, 516 F. Supp. 3d 430, 439 (E.D. Pa. 2021). The Third Circuit applies the "single publication rule," which Pennsylvania has adopted. Under this rule, the original printing/publication of the defamatory material results in the cause of action. *In re Phila. Newspapers, LLC*, 690 F.3d 161, 174 (3d Cir. 2012). The statute of limitations for credit slander, like any libel action, is one year under Pennsylvania law. 42 Pa. C.S. § 5523(1).

Rao filed a similar complaint to that herein on February 21, 2023 at 2:23-cv-00263-NBF-LPL, and then he voluntarily dismissed it on August 4, 2023. Given that more than one year has passed between the initial publication of the alleged defamatory statements (March 24, 2022) and Rao's filing of the complaint in this action (December 21, 2023), combined with settled law that voluntary dismissal of a complaint does not toll a statute of limitations, Count III fails. Notably, Rao agrees with Defendants and does not object to dismissal of Count III. (ECF No. 35, p. 10). Thus, Count III will be dismissed with prejudice.

    b. Count IV (Fraud)

Assuming *arguendo* that preemption does not apply to Count IV, the Court holds that Rao has not pled a claim for fraud. Under Pennsylvania law, a plaintiff must plead the following elements to establish a cause of action for common law fraud: 1) a misrepresentation, 2) a fraudulent utterance thereof, 3) an intention by the maker that the recipient will thereby be induced to act, 4) justifiable reliance by the recipient upon the misrepresentation, and 5) damages to the recipient as a proximate result. *Scaife Co. v. Rockwell-Standard Corp.*, 285 A.2d 451, 454 (Pa. 1971). Averments of fraud must be made with particularity under both Pennsylvania and Federal Rules. Pa. R. Civ. P. 1019(b); Fed. R. Civ. P. 9(b). A cause of action for fraud must include more than legal conclusions.

Rao alleges that it was misrepresented to him that there would be a 90-day trial period of the bed prior to finalization of the purchase, and that Sleep Number and Synchrony signed him up for a credit card without his consent and charged him for the bed. (ECF No. 19, ¶¶ 17, 25, 26, 28). He further alleges that both Sleep Number and Synchrony had a plan to defraud consumers by not disclosing that credit was being applied for during the purchase of a bed, and that he was defrauded into believing that he would enter into a transaction not requiring any credit card

agreement. *Id.* at ¶ 90. However, Rao's averments are nothing more than general, legal conclusions, and he did not clearly inform both Sleep Number and Synchrony of its alleged participation in the fraud. (ECF No. 32, p. 15). Rao provided no detail concerning how Synchrony nor Sleep Number "tricked" him, the "fraudulent utterance" they allegedly made, or the distinct roles of Synchrony and Sleep Number in the alleged scheme. (ECF No. 29, p. 15). He only described what he believed - that he would purchase the bed absent a credit card agreement - without any detail concerning how Synchrony or Sleep Number allegedly caused this belief. (ECF No. 19, ¶ 90(c)).

The Court will dismiss Count IV.

    c. <u>Count VI (Conspiracy)</u>

Assuming *arguendo* that preemption does not apply to Count VI, Rao does not sufficiently plead a claim for conspiracy. Civil conspiracy requires a plaintiff to allege: 1) a combination of two or more persons acting with a common purpose to do an illegal act or to do a lawful act by unlawful means or for an unlawful purpose, 2) an overt act done in pursuance of the common purpose, and 3) actual legal damage. *Estate of Werner ex rel. Werner v. Werner*, 781 A.2d 188, 191 (Pa. Super. 2001) (citing *McKeeman v. Corestates Bank, N.A.*, 751 A.2d 655, 660 (Pa. Super. 2000)). Additionally, a plaintiff must make "specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events." *Panayotides v. Rabenold*, 35 F. Supp. 2d 411, 419 (E.D. Pa. 1999) (citing *Hammond v Creative Financial Planning*, 800 F. Supp. 1244, 1248 (E.D. Pa. 1992)).

Rao alleged that Synchrony and Sleep Number engaged in a common purpose to defraud him by opening an unauthorized credit account, and that Synchrony and Sleep Number's

"fraudulent misrepresentations" were overt acts done in pursuance of that common purpose. (ECF No. 19, ¶¶ 104-106). As to damages, Rao stated that he "has suffered damages by reason of the above-referenced conspiracy." (*Id.* at ¶ 107). Falling short of the elements outlined above, Rao offers no facts showing that Synchrony and Sleep Number entered into any agreement or common purpose, or the specific roles of either in the alleged conspiracy. (ECF No. 29, p. 17). Another required element is that the conspirators agree to engage in an illegal act or engage in legal activity by unlawful means, and Rao pled no facts demonstrating that any agreement between Synchrony and Sleep Number to register customers for credit cards qualified as illegal or unlawful activity. Such facts simply do not exist in the Amended Complaint.

The Court will dismiss Count VI. Rao's allegations constitute vague legal conclusions and do not satisfy the requisite elements for civil conspiracy.

**D. Leave to amend is denied.**

The Amended Complaint is Rao's third attempt to plead his claims. Courts generally agree that if a plaintiff cannot correct the pleading deficiencies in his complaint after multiple attempts, then further amendment is futile. *See Coniker v. Monforton*, No. CV 22-1184, 2023 WL 2187732 (W.D. Pa. Feb. 23, 2023); *Fetterman v. Westmoreland Cnty. Children's Bureau*, No. 2:15-CV-773, 2016 WL 69663, at *7 (W.D. Pa. Jan. 6, 2016) (holding that a plaintiff's "third bite at the apple" would be futile and inequitable and that further amendment was impermissible.). "An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." 3 James Wm. Moore et al., Moore's Federal Practice ¶ 15.15 (3d ed. 2021). Further amendment would constitute Rao's fourth attempt to plead his claims, and the Court holds that it would be futile. *See In re Burlington*

*Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (holding that a court may deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility).[2]

### IV. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' motions to dismiss. Counts I through VI will be dismissed with prejudice. Orders of Court will follow.

BY THE COURT:

WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

11/18/24
Date

---

[2] Because the Court is denying leave to amend, Defendants' Rule 12(e) motions will be denied as moot.